IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

CIVIL ACTION NO: 9:21-cv-02091-DCN

| | |
|---|---|
| Certain Underwriters at Lloyd's, London, Subscribing to Policy Number QSLL9779036-00,<br><br>  Plaintiff,<br><br>vs.<br><br>Heritage Villas Horizontal Property Regime,<br><br>  Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff seeks a declaration of rights from this Court pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure and alleges as follows:

**PARTIES**

1. Plaintiff includes those syndicates authorized to subscribe to the insurance policy in this litigation issued through Lloyd's of London, which are Lloyd's Syndicate 1274 – AUL and ANV Property Consortium 9216. The syndicates are based in London, England and authorized to do business in South Carolina.

2. Upon information and belief, Defendant is a corporation organized and existing under South Carolina law with its principle place of business in Beaufort County, South Carolina. Accordingly, Defendant is a citizen of the State of South Carolina.

## JURISDICTION

3. This Court has jurisdiction over this dispute by virtue of Title 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

4. Venue is proper in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. 1391(b)(1)-(2), in that it is the judicial district in which Defendant resides, a substantial part of the events or omissions giving rise to the claim occurred within this district/division, and the property giving rise to the claim at issue is situated in this district/division.

5. An actual controversy exists between the parties such that a declaration of the parties' respective rights is proper under 28 U.S.C. § 2201.

## FACTUAL BACKGROUND

6. On October 24, 2018, Defendant reported a claim for hail damage to roofs at their property on Hilton Head Island, South Carolina.

7. Upon information and belief, Defendant made the claim after an inspection performed by Monarch Roofing on about October 23, 2018 as part of a marketing effort by Monarch to solicit roof work. Further, upon information and belief, Monarch has performed similar inspections for other homeowner associations along the coastal region of North Carolina and South Carolina.

8. When Defendant reported the claim on October 24, 2018, Defendant claimed a March 20, 2018 hail storm on Hilton Head Island, South Carolina caused the alleged damage found by Monarch during its October 24, 2018 site visit.

9. As of October 23, 2018, Defendant had not filed any claim with Plaintiff associated with the March 20, 2018 hail storm.

10. Thereafter, Defendant demanded full replacement value for the roof shingles at the Defendant's property.

11. Plaintiff hired a competent insurance adjuster and competent engineering experts to investigate Defendant's claim. The engineering expert found relatively minor and very scattered hail damage at Defendant's property.

12. Following review of the claim by the adjuster and engineering experts, Plaintiff tendered to Defendant the amount of $62,234.71, which represented the amount of damages sustained by Defendant covered by the applicable policy, minus the deductible stated in the applicable policy.

13. Following objections by Defendant, Plaintiff had the engineering expert perform additional inspections of the roofs. Those inspections showed that replacement of all shingle roofs, as stated by Monarch, was not justified or necessary.

14. The investigations showed that Defendant had previously patched several roofs in the regime before the March 20, 2018 hail storm.

15. Defendant continues to assert that it is entitled to payment for full replacement of the roof shingles because of the March 20, 2018 hail storm.

## Insurance Policy

16.     Policy Number QSLL9779036-00 has the applicable policy period of March 31, 2017-March 31, 2018. The Policy is attached as **Exhibit 1**. Plaintiff craves reference to the entire Policy for its terms and conditions, but for convenience, highlights the following parts of "Commercial Property Coverage Part" that includes the "Condominium Association Coverage Form" (CP 00 17 10 00) and the Endorsement titled "Replacement Cost Coverage" (CP RCCA 10 03):

## COMMERCIAL PROPERTY COVERAGE PART

### "Condominium Association Coverage Form" (CP 00 17 10 00)

**A.     Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

   **1.     Covered Property**

   Covered Property, as used in this Coverage Part, means the type of property described in this Section, **A.1.**, and limited in **A.2,** Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

   **a.     Building,** meaning the building or structure described in the Declarations, including ....

   **2.     Property Not Covered**

   Covered Property does not include ....

   **3.     Covered Causes of Loss**

   See applicable Causes of Loss Form as shown in the Declarations.

### CAUSES OF LOSS—SPECIAL FORM
### (CP 10 30 10 00)

   **A.     Covered Causes of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

1. Excluded in Section **B.,** Exclusions; or

2. Limited in Section C., Limitations;

that follow.

**B.    Exclusions**

    **1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    ...

    **g.    Water**

        **(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not;

        **(2)** Mudslide or mudflow;

        **(3)** Water that backs up or overflows from a sewer, drain, or sump; or

        **(4)** Water under the ground surface pressing on, or flowing or seeping through: ....

    **2.** We will not pay for loss or damage caused by or resulting from any of the following:

    ...

    **d.**  **(1)** Wear and tear

        **(2)** ... decay, deterioration ... in property that causes it to damage or destroy itself.

    ...

   **j.**  Rain, snow, ice or sleet to personal property in the open.

  ....

**3.**  We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.** through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

   **a.**  Weather conditions. But this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **1.** above to produce the loss or damage.

....

**C.**  **Limitations**

The following limitations apply to all policy forms and endorsements, unless otherwise stated.

**1.**  We will not pay for loss or damage to property, as described and limited in this section. In addition, we will not pay for any loss that is a consequence of loss or damage as described and limited in this section.

...

   **d.**  Building materials and supplies not attached as part of the building or structure, caused by or resulting from theft.

  ...

...

**E.**  **Additional Coverage Extensions**

  ...

2. **Water Damage, Other Liquids, Powder Or Molten Material Damage**

   If loss or damage caused by or resulting from covered water ... occurs, we will also pay the cost to tear out and replace any part of the building or structure to repair damage to the system or appliance from which the water ... escapes. This Coverage Extension does not increase the Limit of Insurance.

   ...

F. **Definitions**

"Specified Causes of Loss" means the following: ... windstorm or hail....

4. **Additional Coverages**

   ...

5. **Coverage Extensions**

   ...

B. **Exclusions and Limitations**

See applicable Causes of Loss Form as shown in the Declarations.

C. **Limits of Insurance**

The most we will pay for loss or damage in any one occurrence is the applicable Limit of Insurance shown in the Declarations.

**...**

D. **Deductible**

...

E. **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

7

...

2.  **Appraisal**

    If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having competent jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

    ...

    If there is an appraisal, we will still retain our right to deny the claim.

3.  **Duties In The Event Of Loss Or Damage**

    **a.**  You must see that the following are done in the event of loss or damage to Covered Property:

    ...

    **(2)**  Give us prompt notice of the loss or damage. Include a description of the property involved.

    **(3)**  As soon as possible, give us a description of how, when and where the loss or damage occurred.

    ...

4.  **Loss Payment**

    **a.**  In the event of loss or damage covered by this Coverage Form, at our option, we will either:

    **(1)**  Pay the value of lost or damages property;

    **(2)**  Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

  **(3)** Take all or any part of the property at an agreed or appraised value; or

  **(4)** Repair, rebuild or replace the property with other property of like kind and quality, subject to **b.** below

 We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**b.** The cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

...

...

**8.** **Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.** At actual cash value at the time of loss or damage, except as provided in **b., c.** and **d.** below.

 <u>**NOTE:**</u> **this provision replaced by "Replacement Cost" pursuant to the "Replacement Cost Coverage" Endorsement (see next page)**

**b.** If the Limit of Insurance for Building satisfies the Additional Condition, Coinsurance, and the cost to repair or replace the damaged building property is $2,500 or less, we will pay the cost of building repairs or replacement.

 The cost of building repairs or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property....

...

**F.** **Additional Conditions**

9

...

G. **Optional Coverages**

If shown as applicable in the Declarations, the following Optional Coverages apply separately to each item.

1. **Agreed Value**

   ...

2. **Inflation Guard**

   ...

3. **Replacement Cost**

   ...

4. **Extension of Replacement Cost to Personal Property of Others**

   ...

H. **Definitions**

   ...

# REPLACEMENT COST COVERAGE
## (CP RCCA 10 03)

This endorsement modifies insurance provided under the following:

CONDOMINIUM ASSOCIATION COVERAGE FORM

We will determine the value of Covered Property in the event of loss or damage as follows:

a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Loss Condition Valuation (**E. Loss Conditions, 8. Valuation**).

...

    c.      You may make a claim for loss or damage covered by this insurance on an actual cash value basis instead of on a replacement cost basis. In the even you elect to have loss or damage settled on an actual cash basis value, you may still make a claim for the additional coverage this endorsement provides if you notify us of your intent to do so within 180 days after the loss or damage.

...

    e.      We will not pay more for loss or damage on a replacement cost basis than the least of (1), (2), or (3), subject to f. below:

        (1)      The Limit of Insurance applicable to the lost or damaged property;

        (2)      The cost to replace the lost or damaged property with other property:

            (a)      Of comparable material and quality; and

            (b)      Used for the same purpose; or

        (3)      The actual amount spent that is necessary to repair or replace the lost or damaged property.

        ...

    f.      The cost of repair or replacement does not include the increased cost attributable to the enforcement of any ordinance or law regulating the construction, use or repair of any property.

All other provisions apply.

## FOR A FIRST DECLARATION

17.    Plaintiff repeats the allegations in the preceding paragraphs as though repeated verbatim.

18.    Plaintiff requests the Court issue a declaration that the Policy does not afford coverage for the claims and/or damages arising from the March 20, 2018 hail storm in Hilton Head Island, South Carolina as alleged by Defendant above the sum of money previously paid by Plaintiff to Defendant.

WHEREFORE, Plaintiff prays:

a. that the Court issue a declaration that does not afford Defendant any additional payment for the March 20, 2018 hail storm under Policy Number QSLL9779036-00 issued by Plaintiff based on the positions set forth by Plaintiff regarding the damage and cost as stated in the applicable policy;

b. that the Court issue a declaration that Defendant is not entitled to the costs for the full replacement of the roof shingles of Defendant's property based on the March 20, 2018 hail storm and Policy Number QSLL9779036-00 issued by Plaintiff; and

c. that the Court award such other relief as this Court deems just and proper.

|  |  |
|---|---|
|  | TURNER PADGET |
|  | s/David S. Cobb |
|  | David S. Cobb (Federal ID No. 6006) |
|  | Post Office Box 22129 |
|  | Charleston, South Carolina 29413-2129 |
|  | Direct:  (843) 576-2803 |
|  | Fax:  (843) 577-1629 |
| Charleston, South Carolina | dcobb@turnerpadget.com |
| July 14, 2021 | ATTORNEYS FOR PLAINTIFF |